**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BERT W. WHITTINGTON,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KIRK WAYNE BONSAL, ET AL.,** | § | **Civil Action No. 4:21-CV-3220** |
| | § | |
| *Defendants*. | § | |
| | § | |

**DEFENDANT HARRIS COUNTY'S ANSWER AND DEFENSES**
**TO PLAINTIFF'S VEREIFIED ORIGINAL COMPLAINT, AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY (the "County") files this Answer to Plaintiff's Verified Original Complaint [Doc. #1]. In support of said answer and defenses, the County would respectfully show this Court as follows:

**I.    ANSWER**

1.    With respect to paragraph 1, the County admits that Bert W. Whittington ("Whittington") is the plaintiff in this employment action but denies that he was subjected to any unlawful employment practices and that any defendant in this action is liable to him.

2.    With respect to paragraph 2, the County admits that Whittington filed an EEOC charge and denies the remaining allegations.

3.    With respect to paragraphs 3 and 4 the County admits that this court has jurisdiction and that venue is proper.

4.    With respect to paragraph 5, the County admits that Whittington is an African American male and is without knowledge or information sufficient to admit or deny the remaining allegations.

1

5.     With respect to paragraph 6, the County admits that Kirk Bonsal is employed as Chief Deputy at the Constable Office at Precinct 3 of Harris County, and is Caucasian.

6.     With respect to paragraph 7, the County admits that Sherman Eagleton is Constable at Precinct 3, Harris County, and is African American.

7.     With respect to paragraph 8, the County admits that Isaac Villarreal is employed as a Captain at the Constable Office at Precinct 3, Harris County, and is Hispanic.

8.     With respect to paragraph 9,  the County admits that Troy Barringer is employed as a Sergeant at the Constable Office at Precinct 3, Harris County, and is Caucasian.

9.     With respect to paragraph 10, the County denies the allegations as stated, but admits that the Constable Office at Precinct 3 is a law enforcement agency within Harris County.

10.    With respect to paragraph 11, the County denies the allegations as stated, but admits that it is a defendant.

11.    No answer is required to paragraph 12 as it is a proposition of law. To the extent an answer is required it is denied.

12.    With respect to paragraphs 13 and 14, the County denies the allegations as stated, but admits that Whittington filed a claim with the EEOC regarding his employment as a Deputy at the Constable Office Precinct 3.

13.    Paragraph 15 contains propositions of law and thus no answer is required.  To the extent an answer is required the paragraph is denied as stated.

14.    In answer to paragraphs 16 and 17, the County admits that Whittington is a veteran of the United States Marine Corps and lacks knowledge or information sufficient to admit or deny the remaining allegations.

15.     In answer to paragraph 18, the County admits that Whittington was employed as a Texas state trooper and given a general discharge from that service and lacks knowledge or information sufficient to admit or deny the remaining allegations.

16.     With respect to paragraph 19, the County admits that Whittington is African-American.

17.     In answer to paragraph 20, the County admits that Whittington was appointed a Deputy with the Constable Office at Precinct 3 and during employment served as a canine officer in the Crime Interdiction Unit.

18.     The County denies the allegations in paragraphs 21 and 22.

19.     With respect to paragraph 23, the County admits that Barringer was Whittington's immediate supervisor for a period of time during his employment and denies the remaining allegations.

20.     The County denies as stated the allegations in paragraph 24.

21.     The County denies the allegations in paragraphs 25, 26, 27, 28, 29, 30 and 31.

22.     The County denies the allegations in paragraphs 32, 33, 34, 35, 36, 37, 38 and 39.

23.     In answer to paragraph 40, the County admits that Whittington was terminated under a general discharge. The remaining allegations contain allegedly quoted text which speaks for itself.

24.     Paragraph 41 is irrelevant and does not require an answer.

25.     The County denies the allegations in paragraphs 41 and  42, and denies the allegations as stated in paragraphs 43 and 44.

26.     The County lacks and lacks knowledge or information sufficient to admit or deny the allegations in paragraph 45.

27.     The County denies the allegations in paragraphs 46, 47, 48 and 49.

28.    Concerning the allegations in paragraph 50, the County re-alleges and incorporates by reference its answers to paragraphs 1 through 49 above, as if set forth verbatim.

29.    Regarding paragraph 51, no answer is required in response to the legal propositions stated, the County denies the implied allegation that Whittington experienced unlawful employment practices.

30.    The County denies the allegations in paragraph 52.

31.    Claim for Relief One is a legal proposition which requires no answer.  To the extent an answer is required it is denied.

32.    The County denies the allegations in paragraphs 53 and 54.

33.    Claim for Relief Two  is a legal proposition which requires no answer.  To the extent an answer is required it is denied.

34.    The County denies the allegations in paragraphs 55 and 56.

Claim for Relief Three is a legal proposition which requires no answer.  To the extent an answer is required it is denied.

35.    The County denies the allegations in paragraph 57.

Claim for Relief Four is a legal proposition which requires no answer.  To the extent an answer is required it is denied.

36.    The County denies the allegations in paragraphs 58 and 59.

Claim for Relief Five is a legal proposition which requires no answer.  To the extent an answer is required it is denied.

37.    The County denies the allegations in paragraphs 60 and 61.

38.    In answer to paragraph 62, the County also requests trial by jury.

39.    In answer to the unnumbered prayer for relief, the County denies each and every subpart and denies that Whittington is entitled to any relief.

40.    The County denies all previously unanswered allegations.

## II. DEFENSES

41.    The County pleads that Plaintiff has failed to plead a claim under which relief can be granted.

42.    The County pleads it cannot be liable under a theory of respondent superior under federal law.

43.    The County pleads that no official policy or the County was the proximate or actual cause of Mr. Whittington's injuries.

44.    The County pleads that the acts complained of by Mr. Whittington were not proximately caused by any constitutionally defective official policy, custom or practice.

45.    The County pleads that it does not have an official policy the application of which deprived Mr. Whittington of any federally secured rights and that it was not deliberately or consciously indifferent to his secured rights.

46.    The County pleads that it adequately trained and supervised its employees and that any failure to train or supervise its employees did not deprive Mr. Whittington of any federally secured rights.

47.    The County pleads it cannot be liable to Mr. Whittington because no underlying constitutional violation occurred.

48.    The County states Mr. Whittington's own actions were the sole cause or alternatively the proximate cause of the incident in question.

49.    The County pleads that its official policymaker was not deliberately indifferent to a custom having the force of municipal policy that was itself the actual cause and "moving force" behind a deprivation of Mr. Whittington's rights under any constitutional provision.

50.    Whittington's claims are barred because the County's action were based upon legitimate, nondiscriminatory reasons, unrelated to discrimination, retaliation or any statutorily-protected classification or activity.

51.    To the extent it may become applicable after discovery, the County asserts after acquired evidence as a defense or bar relief for any alleged wrongdoing.

52.    Whittington's claims for damages should be barred or reduced to the extent he failed to mitigate alleged damages.

53.    Any actions taken by Harris County, were in good faith and it had reasonable grounds to believe its actions were lawful.

54.    Whittington's claims are barred to the extent by the doctrines of waiver, unclean hands and/or estoppel.

55.    Whittington's claims are barred because he was not subjected to any adverse employment actions because of an exercise of protected rights.

56.    Whittington's claims are barred by failure to exhaust administrative remedies.

57.    The County asserts the intra-corporate defense to conspiracy.

58.    The County asserts all statutory caps to damages.

59.    The County asserts the defense that the allegations contained herein exceed to scope of those contained in the EEOC complaint.

60.    The County asserts the defense of statute of limitations.

### III.  JURY DEMAND AND RESERVATION OF RIGHT

61.     The County hereby demands trial by jury.

62.     The County reserves the right to amend or supplement this Answer at a later date.

WHEREFORE, PREMISES CONSIDERED, Defendant HARRIS COUNTY prays that

Plaintiff take nothing by his suit, that it recover its costs and all other relief that it may be justly

entitled to at law or in equity.

Respectfully submitted,

OF COUNSEL:
CHRISTIAN D. MENEFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY

/s/   James Butt

**James Butt**
Assistant County Attorney
Federal Bar No. 725423
State Bar No. 24040354
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5133
Email: james.butt@cao.hctx.net

ATTORNEY FOR DEFENDANT
HARRIS COUNTY

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

Philip John Orth, III
14831 Knoll Arbor Ct.
Houston, Texas 77049
Philip.orth@yahoo.com
Attorney for Plaintiff

/s/ Jim Butt

James C. Butt

7