**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BERT W. WHITTINGTON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No.: 4:21-cv-3220 |
| | § | |
| | § | |
| **KIRK WAYNE BONSAL, *ET. AL.*,** | § | |
| **Defendants.** | § | |

## DEFENDANTS KIRK WAYNE BONSAL, ISAAC VILLARREAL, TROY BARRINGER, AND SHERMAN EAGLETON'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants KIRK WAYNE BONSAL, ISAAC VILLARREAL, TROY BARRINGER, AND SHERMAN EAGLETON (collectively "Defendants") file this Motion to Dismiss Plaintiffs' Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Defendants would respectfully show the Court as follows:

### I.      STATEMENT OF THE CASE

1.      This case filed on October 4, 2021, stems from Plaintiff's allegations that Defendants engaged in unlawful employment practices based on race and color.  [Doc. #1].  Plaintiff further alleges that Defendants have violated his Fourteenth Amendment equal protection and due process rights to be free from alleged wrongful employment practices and that the Defendants conspired to deprive Plaintiff his equal protection under the law.  Harris County, Texas is a named defendant and has answered the complaint. Defendants herein "are being sued in their official capacity" [Doc. #1, ¶ 12].

2.      Based on the pleadings, Plaintiff has failed to state a claim upon which relief can be granted against Defendants because any claim against the Defendants is a redundant claim and the

Defendants under the same entity cannot conspire with one another. As such, Defendants respectfully move this Court to dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6).

## II.      STATEMENT OF ISSUES

3.      The issues to be ruled upon by the Court are as follows:

(a) The claims against the Defendants in their official capacities are essentially suits against the entity, Harris County, Texas.

(b) The Defendants cannot conspire with one another as a matter of law.

## III.      STANDARD OF REVIEW

4.      If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5.      To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

6. When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678).

7. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499.

## IV. ARGUMENT AND AUTHORITIES

### A. An Official Capacity Claim Is An Action Against the Entity.

8. Plaintiffs have brought this lawsuit against Kirk Wayne Bonsal, Jr., Isaac Villarreal, Troy Barringer, and Sherman Eagleton in their official capacities. "[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Monell*, 436 U.S. at 691–95). When a government-official defendant is sued in their official capacity, and the governmental entity is also sued "the official capacity claims and the claims against the governmental entity essentially merge." *Brown v. City of Houston,* 2019 WL 7037391 at *2 (S.D. Tex. December 20, 2019); *citing Turner v. Houma Mun. Fire & Police Civil Serv. Bd.,* 229 F.3d 478, 485 (5th Cir.

2000)*. Thus, any official capacity-suit against the Defendants would be subsumed within the identical claims against Harris County. *Goodman*, 571 F.3d*. at 396.

9.      "Fifth Circuit case law supports dismissing official capacity claims as redundant when the appropriate governmental entity is also named as a defendant". *Brown,* 2019 WL 7037391 at *2, citing Marceaux v. Lafayette City-Parish Consolidated Government,* 614 F.App'x 705, 706 (5th Cir. 2015). Harris County is a named defendant in this suit and to avoid redundant claims, the claims against the Defendants should be dismissed.

**B.      The Defendants Represent a Single Entity And Cannot Conspire With One Another As A Matter of Law.**

10.     Plaintiff's civil conspiracy claims under Section 1985 fails as a matter of law. A single legal entity and its employees is incapable of conspiring with itself for purposes of § 1985. *Baldwin v. UTMB,* 945 F.Supp. 1022, 1034 (S.D. Sep. 6, 1996), *citing Hilliard v. Ferguson,* 30 F.3d 649, 653 (5th Cir. 1994). It is a longstanding rule in the fifth circuit that "a corporation cannot conspire with itself anymore than a private individual can, and it is a general rule that the acts of the agent are the acts of the corporation." *Thompson v. City of Galveson,* 979 F.Supp. 504, 511 (S.D. Sept 19, 1997) *citing Hilliard,* 30 F.3d at 653.

11.     The Fifth Circuit and several district courts "within the Circuit have applied the intracorporate conspiracy doctrine to entities other than corporations." *Thompson,* 979 F.Supp at 511, *citing Hilliard,* 30 F.3d at 653 (finding that the doctrine applied to a school board and its members). A single legal entity such as the "police department and its officers, is incapable of conspiring with itself for purposes of § 1983". *Id.*

12.     All of the Defendants are officers employed by Harris County and assigned to Precinct 3. Thus, all comprise a single entity and therefore as a matter of law the conspiracy claim must be dismissed.

## V. CONCLUSION

13.     For the reasons stated above, Plaintiff has failed to state any claim upon which relief can be granted against Defendants. Accordingly, Defendants are entitled to dismissal of all claims against them as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendants KIRK WAYNE BONSAL, ISAAC VILLARREAL, TROY BARRINGER, AND SHERMAN EAGLETON request that this Court grant this motion to dismiss and grant all other relief to which these defendants are entitled.

Respectfully submitted,

OF COUNSEL:
CHRISTIAN D. MENEFFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY
Date: November,__ 2021     By:     */s/ Melissa G. Martin*
     MELISSA G. MARTIN
     Assistant County Attorney
     State Bar No. 24039035
     Fed. Bar No. 38613
     Tel: (713) 274-5354 (direct)
     Fax: (713) 755-8823
     melissa.martin@cao.hctx.net

     JAMES C. BUTT
     Assistant County Attorney
     State Bar No. 24040354
     Fed. Bar No. 725423
     Phone:  (713) 274-5133
     james.butt@cao.hctx.net
     Harris County Attorney's Office
     1019 Congress, 15th Floor
     Houston, Texas 77002

     **Attorneys for Defendants**

## <u>**CERTIFICATE OF SERVICE**</u>

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents:

>Philip John Orth III
>14831 Knoll Arbor Ct.
>Houston, Texas 77049
>Philip.orth@yahoo.com
>Attorney for Plaintiff

>*/s/ Melissa G. Martin*
>Melissa G. Martin