

# Harris County Constable Precinct Three

August 28, 2020

To:   Deputy Bert Whittington
From: Chief Deputy Kirk W. Bonsal
Re:   Termination of Employment

Deputy Whittington,

The Administrative Disciplinary Committee met on August 27, 2020 in regards to the complaint made against you. After reviewing, the memorandums and the investigation reports submitted the policy violations were **Sustained**.

An internal investigation into this matter revealed that you violated multiple policies regarding the handling of evidence. Specifically the allegation that you violated policies 313.5 Body Worn Cameras, 319.6.3 Prisoner Processing, 321.2 Handling Prisoners, 321.3.2.1 Restraint Guidelines, 321.3.1 General Guidelines (Evidence Handling) and Policy 600.8 Property Room Collection, Inventory and Storage.

The investigation revealed that approximately 14.8 grams of cocaine that was in your possession after making an arrest was missing. The evidence was not submitted properly and was not found in the sealed evidence bags you submitted. Your failure to follow the policies of this agency resulted in the loss of this evidence and the dismissal of criminal charges against the defendant you arrested. Some of the failures and policy violations committed by you which were discovered during the course of this investigation include the following: (1) the prisoner was handcuffed in front instead of behind his back; (2) the prisoner in your care custody and control was allowed to handle the narcotics evidence and left unattended with the evidence on multiple occasions; and (3) the prisoner was not under your observation at all times as required by policy to reduce the opportunities for escape, disposal or destruction of contraband.

HC - 0008

The prisoner was interviewed as part of this investigation and admitted to stealing pills from the evidence you left unattended with him. The prisoner stated he consumed an unknown amount of pills so he would be "high" when he arrived at the jail. Your actions of leaving a prisoner alone in a room with drugs allowed him to consume illegal narcotics because you left him alone with the drugs, placed the prisoner's health and safety at risk and potentially exposing the agency to scrutiny and embarrassment. On one of the multiple occasions, you left the illegal narcotics unattended your body worn camera showed a janitorial contract employee in the room alone with the evidence.

During the investigation of the missing cocaine, it was discovered that a Response to Resistance (Use of Force) you were involved in was not in compliance with policy. The Use of Force Compliance Officer, Lieutenant J. Evans reported that this use of force was not in compliance with policy in the memo he submitted. The training Coordinator, Captain H. Elkin found several issues he identified and listed your use of force as out of compliance. He documented your inability to recall K-9 Zane and indicated that additional training was needed for Zane due to your inability to use verbal commands to control the K-9. Captain Elkin also identified issues with the Response to Resistance paperwork not being completed.

Based on the documentation submitted by the Use of Force Compliance Officer and the Training Coordinator, I ordered an investigation of the use of force (dog bite) during the apprehension of a fleeing suspect.

The investigation revealed that the juvenile suspect did unlawfully flee and you deployed K-9 Zane to apprehend him. It was determined that the juvenile suspect stopped, raised his hands and gave up. Your attempts to recall the dog after being deployed failed and the juvenile suspect was bit by K-9 Zane. The investigation revealed that K-9 Zane does not respond to verbal commands and does not respond to the recall command. As a K-9 handler you should not have deployed your K-9 partner knowing that he is difficult to recall and does not obey commands to let go or stop biting. The following Response to Resistance Policies were found to have been violated by you during this incident, Policy 503.1 Utilization of properly trained police service dog, Policy 503.2 (F) Responsibility of the handler to know the abilities and limitations of their K-9 and their ability to safely and legally perform the task at hand.

•701 W Baker Road Baytown, TX 77521 • Phone: 281-427-4792 •
• E-mail: Sherman.eagleton@cn3.hctx.net • www.harriscountytx.gov/conpct3 •

HC – 0009

The circumstances surrounding your conduct and behavior in the workplace so significantly violated the public trust that the only appropriate penalty for these rule violations is termination. The recommendation of the Administrative Disciplinary Committee has resulted in the decision to terminate your employment with the Harris County Precinct 3 Constable's Office.

Based on your actions, which include multiple policy violations, you are hereby terminated from employment immediately.

Kirk W. Bonsal, Chief Deputy
Harris County Precinct 3
Constable's Office

HC - 0010