Case 4:21-cv-03220   Document 30-10   Filed 01/05/23 in TXSD   Page 1 of 5

 **U.S. Equal Employment Opportunity Commission**

# Facts About Race/Color Discrimination

*The U.S. Equal Employment Opportunity Commission*

**Title VII of the Civil Rights Act of 1964 (https://www.eeoc.gov/statutes/title-vii-civil-rights-act-1964)** protects individuals against employment discrimination on the basis of race and color as well as national origin, sex, or religion.

It is unlawful to discriminate against any employee or applicant for employment because of race or color in regard to hiring, termination, promotion, compensation, job training, or any other term, condition, or privilege of employment. Title VII also prohibits employment decisions based on stereotypes and assumptions about abilities, traits, or the performance of individuals of certain racial groups.

Title VII prohibits both intentional discrimination and neutral job policies that disproportionately exclude minorities and that are not job related.

Equal employment opportunity cannot be denied because of marriage to or association with an individual of a different race; membership in or association with ethnic based organizations or groups; attendance or participation in schools or places of worship generally associated with certain minority groups; or other cultural practices or characteristics often linked to race or ethnicity, such as cultural dress or manner of speech, as long as the cultural practice or characteristic does not materially interfere with the ability to perform job duties.

EXHIBIT 10

Case 4:21-cv-03220 Document 30-10 Filed 01/05/23 in TXSD Page 2 of 5

# Race–Related Characteristics and Conditions

Discrimination on the basis of an immutable characteristic associated with race, such as skin color, hair texture, or certain facial features violates Title VII, even though not all members of the race share the same characteristic.

Title VII also prohibits discrimination on the basis of a condition which predominantly affects one race unless the practice is job related and consistent with business necessity. For example, since sickle cell anemia predominantly occurs in African-Americans, a policy which excludes individuals with sickle cell anemia is discriminatory unless the policy is job related and consistent with business necessity. Similarly, a   no-beard   employment policy may discriminate against African-American men who have a predisposition to pseudofolliculitis barbae (severe shaving bumps) unless the policy is job-related and consistent with business necessity.

# Color Discrimination

Even though race and color clearly overlap, they are not synonymous. Thus, color discrimination can occur between persons of different races or ethnicities, or between persons of the same race or ethnicity. Although Title VII does not define   color,   the courts and the Commission read   color   to have its commonly understood meaning   pigmentation, complexion, or skin shade or tone. Thus, color discrimination occurs when a person is discriminated against based on the lightness, darkness, or other color characteristic of the person. Title VII prohibits race/color discrimination against all persons, including Caucasians.

Although a plaintiff may prove a claim of discrimination through direct or circumstantial evidence, some courts take the position that if a white person relies on circumstantial evidence to establish a reverse discrimination claim, he or she must meet a heightened standard of proof. The Commission, in contrast, applies the same standard of proof to all race discrimination claims, regardless of the victim   s race or the type of evidence used. In either case, the ultimate burden of persuasion remains always on the plaintiff.

Case 4:21-cv-03220    Document 30-10    Filed 01/05/23 in TXSD    Page 3 of 5

Employers should adopt "best practices" to reduce the likelihood of discrimination and to address impediments to equal employment opportunity.

# Title VII's protections include:

- **Recruiting, Hiring, and Advancement**

  Job requirements must be uniformly and consistently applied to persons of all races and colors. Even if a job requirement is applied consistently, if it is not important for job performance or business needs, the requirement may be found unlawful if it excludes persons of a certain racial group or color significantly more than others. Examples of potentially unlawful practices include: (1) soliciting applications only from sources in which all or most potential workers are of the same race or color; (2) requiring applicants to have a certain educational background that is not important for job performance or business needs; (3) testing applicants for knowledge, skills or abilities that are not important for job performance or business needs.

  Employers may legitimately need information about their employees or applicants race for affirmative action purposes and/or to track applicant flow. One way to obtain racial information and simultaneously guard against discriminatory selection is for employers to use separate forms or otherwise keep the information about an applicant's race separate from the application. In that way, the employer can capture the information it needs but ensure that it is not used in the selection decision.

  Unless the information is for such a legitimate purpose, pre-employment questions about race can suggest that race will be used as a basis for making selection decisions. If the information is used in the selection decision and members of particular racial groups are excluded from employment, the inquiries can constitute evidence of discrimination.

- **Compensation and Other Employment Terms, Conditions, and Privileges**

  Title VII prohibits discrimination in compensation and other terms, conditions, and privileges of employment. Thus, race or color discrimination may not be the basis for differences in pay or benefits, work assignments, performance evaluations, training, discipline or discharge, or any other area of employment.

- **Harassment**

  Harassment on the basis of race and/or color violates Title VII. Ethnic slurs, racial "jokes," offensive or derogatory comments, or other verbal or physical conduct based on an individual's race/color constitutes unlawful harassment if the conduct creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance.

- **Retaliation**

  Employees have a right to be free from retaliation for their opposition to discrimination or their participation in an EEOC proceeding by filing a charge, testifying, assisting, or otherwise participating in an agency proceeding.

- **Segregation and Classification of Employees**

  Title VII is violated where minority employees are segregated by physically isolating them from other employees or from customer contact. Title VII also prohibits assigning primarily minorities to predominantly minority establishments or geographic areas. It is also illegal to exclude minorities from certain positions or to group or categorize employees or jobs so that certain jobs are generally held by minorities. Title VII also does not permit racially motivated decisions driven by business concerns    for example, concerns about the effect on employee relations, or the negative reaction of clients or customers. Nor may race or color ever be a bona fide occupational qualification under Title VII.

  Coding applications/resumes to designate an applicant's race, by either an employer or employment agency, constitutes evidence of discrimination where minorities are excluded from employment or from certain positions. Such discriminatory coding includes the use of facially benign code terms that implicate race, for example, by area codes where many racial minorities may or are presumed to live.

- **Pre-Employment Inquiries and Requirements**

  Requesting pre-employment information which discloses or tends to disclose an applicant's race suggests that race will be unlawfully used as a basis for hiring. Solicitation of such pre-employment information is presumed to be used as a basis for making selection decisions. Therefore, if members of

minority groups are excluded from employment, the request for such pre-employment information would likely constitute evidence of discrimination.

However, employers may legitimately need information about their employees' or applicants' race for affirmative action purposes and/or to track applicant flow. One way to obtain racial information and simultaneously guard against discriminatory selection is for employers to use "tear-off sheets" for the identification of an applicant's race. After the applicant completes the application and the tear-off portion, the employer separates the tear-off sheet from the application and does not use it in the selection process.

Other pre-employment information requests which disclose or tend to disclose an applicant   s race are personal background checks, such as criminal history checks. Title VII does not categorically prohibit employers    use of criminal records as a basis for making employment decisions. Using criminal records as an employment screen may be lawful, legitimate, and even mandated in certain circumstances. However, employers that use criminal records to screen for employment must comply with Title VII   s nondiscrimination requirements.

---

*This page was last modified on September 8, 2008.*