| | | |
|---|---|---|
| BERT W. WHITTINGTON | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-3220 |
| | § | |
| KIRK WAYNE BONSAL, ET AL. | § | |
|     Defendants. | § | |

## DEFENDANT HARRIS COUNTY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Harris County files this Reply in support of its Motion for Summary Judgment [Doc. #28] pursuant to Rule 56, Federal Rules of Civil Procedure. In support, it respectfully shows the Court as follows:

1. Plaintiff fails to show that a genuine dispute of fact exists. A genuine dispute of fact exists when evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Willis v. Cleco Corp.,* 749 F.3d 314, 317 (5th Cir. 2014) citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 106 S.Ct. 2505 (1986). To satisfy its burden, the party opposing summary judgment is "required to identify specific evidence in the record, and to articulate the precise manner in which that evidence supports their claim." *Id.* Here, Plaintiff fails to articulate any basis in law or fact in opposition to the County's Motion for Summary Judgment. He has sifted through pages of disputed and conclusory statements labeled as facts and failed to identify what facts support the legal arguments, or what facts support each element of his prima facie case.

2. The Fifth Circuit has stated that "this court has regularly reminded litigants that Rule 56 does not impose upon the district court [or the court of appeals] a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* citing *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998). In his response, Plaintiff attempts to recite

purported facts. Yet, the response lacks any specificity that would rebut the County's summary judgment arguments. (*See* Doc. #30, *passim*).

**A. Plaintiff's "Color" Claim Fails as a Matter of Law**

3. **Failure to Exhaust Administrative Remedies.** In his response, Plaintiff claims that the "EEOC affirms that race and color overlap" and the "definition of race discrimination encompasses color discrimination." [Doc. #30, ¶ 23]. The fact that an EEOC charge contains separate boxes for each type of discrimination emphasizes that "color and race discrimination are related but distinct forms of discrimination." *Donnelly v. Academic Partnerships, LLC,* 2021 WL 462052 at *2 (N.D. Tex. February 9, 2021). Therefore, Plaintiff's color claim should be dismissed as a matter of law.

**B. Plaintiff's §1983 Claims Against Harris County Fail as a Matter of Law**

4. **Monell Liability.** Plaintiff's response fails to meet the requirements to impose §1983 liability on Harris County. Namely, Plaintiff must prove an underlying constitutional violation plus three additional elements: (1) a policymaker; (2) an official policy; and (3) that the policy was the "moving force" behind the constitutional violation. *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). Here, Plaintiff does not make allegations against the County as to any policy he claims was the moving force behind a deprivation of rights other than a broad general assertion that any conduct alleged was "persistent widespread practice" without the specificity or the analysis required. (Doc. #30, ¶28). Plaintiff has not pled nor adduced sufficient evidence to subject the County to liability under §1983, and such, his claims should be dismissed as a matter of law.

5. **Due Process.** Plaintiff's response does not address his potential due process claims. Therefore, he has waived such claims and they should be dismissed as a matter of law.

6. **Discrimination pursuant to §1983 and §1981.** While the County has argued that it is not liable under any theories brought under §1983 for Plaintiff's failure to show *Monell* liability, it

reiterates that its argument and analysis for purposes of its motion under Title VII apply in all respects to Plaintiff's §1983 and §1981 claims. Similarly, its arguments in this reply under Title VII apply in all respects to Plaintiff's §1983 and §1981 claims.

7. **Equal Protection.** In his response, Plaintiff fails to identify the precise individual he claims was "similarly situated" pursuant to the legal requirements to determine who is appropriately similarly situated. As such, Plaintiff's equal protection claim fails as a matter of law.

8. **Free Speech.** Plaintiff's response falls short of evidencing the required elements to prevail on a free speech claim. He gives a bare recitation of disputed facts without evidencing how they are material to his free speech claim. For example, in support of his claim that the adverse action was substantially motivated by the protected speech, which is a required element, Plaintiff simply reiterates an unsupported claim that the speech was of public and private concern [Doc. #30, ¶31 (b)(5)]. Therefore, Plaintiff's free speech claim fails as a matter of law.

## C. Plaintiff's Title VII (Section 1981, Section 1983) Claims Against Harris County Fail as a Matter of Law.

9. **Discrimination.** Whittington's response is void of any specific evidence to support his discrimination claim. His only response to Harris County's legitimate and non-discriminatory reason for terminating Plaintiff is that the "legitimate or nondiscriminatory reason for his employment termination was not justified". (Doc. #30, ¶36). The undisputed <u>material</u> fact is that Constable Sherman Eagleton was the sole and final decisionmaker. (Doc. #28, ¶56). There is no evidence that Constable Eagleton harbored any retaliatory animus against Plaintiff. Assuming Internal Affairs got it wrong when it concluded Plaintiff committed policy violations, "even an employer's incorrect belief in the underlying facts – or improper decision based on those facts – can constitute a legitimate, non-[retaliatory] reason" for separation of employment. *Amezquita v.*

*Beneficial Texas, Inc.*, 264 F.App'x 379, 386 (5th Cir. 2008). Thus, Plaintiff's discrimination claim fails as a matter of law under both Title VII and §1981 and §1983.

10. **Hostile Work Environment.** In his response, Plaintiff attempts to make disputed factual allegations regarding text messages which are contradicted by Plaintiff's own testimony as shown in the County's Motion for Summary Judgment. In fact, Plaintiff never testified to ever receiving a racial text as the one claimed in the response, nor did any such claim for something as inflammatory as a text using the word "nigger" ever come up in Plaintiff's EEOC charge, his Amended EEOC charge, or his own Original Complaint. Plaintiff's response lacks any analysis regarding the necessary elements and thus, summary judgment should be granted on these claims.

11. **Retaliation.** Plaintiff offers no response as to the County's Motion for Summary Judgment on Plaintiff's retaliation claim. He simply states there is a fact issue regarding retaliation based on his unsupported allegation regarding his attempt at seeking other employment nearly 8 months after his termination. Any actions 8 months after his termination are immaterial to the legal elements of a retaliation claim. Therefore, Plaintiff's retaliation claim fails as a matter of law.

## I. RESPONSE TO RULE 56(D) REQUEST

12. Plaintiff claims that more discovery is needed to respond to the Summary Judgment. But non-moving parties requesting Rule 56(d) relief "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Am. Family Life Assur. Co. of Columbus v. Biles,* 714 F.3d 887, 894 (5th Cir. 2013) (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir.1980)). Instead, the non-moving party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.*; see also *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990). In his response, Plaintiff has presented nearly 30 pages of factual allegations

obtained through 7 depositions and describes the amount of discovery that has been exchanged. Plaintiff has served sufficient discovery which included more than 140 Requests for Admissions, 2 sets of Requests for Production, and Interrogatories. After the Summary Judgment has been fully briefed, Plaintiff now brings this issue for the first time.  No further discovery will rebut the County's summary judgment evidence.  As such, the Court should deny Plaintiff's Rule 56(d) Request.

For the reasons stated herein and in the Motion for Summary Judgment, Harris County is therefore entitled to summary judgment as a matter of law.  Defendant HARRIS COUNTY prays that the Court deny Plaintiff's rule 56(d) claim for more discovery, grant the County's Motion for Summary Judgment dismissing all of Plaintiff's claims with prejudice, and for all other relief to which it may justly be entitled.

Respectfully Submitted,

OF COUNSEL: CHRISTIAN D. MENEFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY

By: */s/ Melissa G. Martin*
MELISSA G. MARTIN
Attorney-In-Charge
State Bar No. 24039035
Fed. Bar No. 38613
melissa.martin@harriscountytx.gov
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5354 (direct)
Fax: (713) 755-8823

ATTORNEYS FOR DEFENDANT
HARRIS COUNTY

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a copy of the instrument to which this certificate is attached was served on Plaintiff on January 12, 2023.

*/s/ Melissa G. Martin*
Melissa G. Martin