| | | |
|---|---|---|
| **BERT W. WHITTINGTON, III** | § | |
| PLAINTIFF | § | |
| | § | |
| - VERSUS - | § | **CIVIL ACTION NO. 4:21-CV-03220** |
| | § | |
| **KIRK WAYNE BONSAL, JR., ET AL** | § | |
| DEFENDANTS | § | |

**PLAINTIFF'S FIRST SUPPLEMENT TO**
**RULE 26(a) INITIAL DISCLOSURES**

1.      Fed. R. Civ. P. § 26(a)(1)(A)(i).

   (1)    **Bert W. Whittington, III**
          c/o Philip J. Orth, III
          Attorney at Law
          16406 Lamplighter Street
          Crosby, Texas 77532
          (713) 520-8333

   Relevant Testimony: That the claims for relief pled are appropriate and supporting facts are accurate.

   (2)    **Clayton Marshall**

   Relevant Testimony: That he [Marshall] trained Whittington and his assigned canine; and that Whittington proficiently handled his police canine.

   (3)    **Jeremy Stephens**

   Relevant Testimony: That he [Stephens] trained Whittington and his assigned canine; and that Whittington proficiently handled his police canine.

   (4)    **Landon McDonald**

   Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that, reportedly, the defendant agent Kirk W. Bonsal, Jr. was adversely associated with incidents of a female deputy under his command being criminally subjected to unwanted sexual conduct linked to the workplace; that, reportedly, Bonsal was adversely associated with a

family violence assault criminal complaint against a deputy under his command, Doug Johnson, being quashed irrespective of merit and that Bonsal shielded Johnson from appropriate employment disciplinary consequences; that, reportedly, Bonsal was adversely associated with an intoxication, disorderly conduct (while possessing a firearm) criminal complaint against a deputy under his command, Ross Woods, being quashed irrespective of merit and that Bonsal shielded Woods from appropriate employment disciplinary consequences; and, that, to the extent of his [McDonald] personal knowledge, the facts pled by Whittington are accurate.

(5)    **Brian Skero**

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that the defendant agent Kirk W. Bonal, Jr. personally disliked Whittington; that Bonsal tampered with government records in an effort to wrongly harm Whittington; that the defendant agents Isaac Villarreal and Troy Barringer pressured members of the Criminal Interdiction Unit to suborn false witness testimony against Whittington in this case; that Bonsal fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Skero] personal knowledge, the facts pled by Whittington are accurate.

(6)    **Kelvin Jason**

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the defendant agent Troy Barringer assaulted a wounded suspect on a police scene that Whittington assisted on and that Barringer unjustly avoided appropriate employment disciplinary consequences; that the allegations of employment misconduct made against Whittington are false; that the defendant agent Kirk Wayne Bonsal, Jr. protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Jason] personal knowledge, the facts pled by Whittington are accurate.

(7)    **Jimmy Evans**

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that the defendant agent Kirk W. Bonal, Jr. personally disliked Whittington; that Bonsal protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Evans] personal knowledge, the facts pled by Whittington are accurate.

(8) **Milton Rivera**

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that defendant agent Kirk W. Bonsal, Jr. tampered with government records in an effort to wrongly harm Whittington; that Bonsal protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Rivera] personal knowledge, the facts pled by Whittington are accurate.

(9) **Jerry Garcia**

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; and, that the defendant agent Isaac Villarreal contacted the Harris County Precinct 2 Constable's Office in order to wrongly blacklist Whittington from new employment.

(10) **Leobardo "Leo" Cardenas**

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; and, that the defendant agent Isaac Villareal contacted the Harris County Precinct 2 Constable's Office in order to wrongly blacklist Whittington from new employment.

(11) **Kirk W. Bonsal, Jr.**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that, reportedly, he [Bonsal] was adversely associated with incidents of a female deputy under his command being criminally subjected to unwanted sexual conduct linked to the workplace; that, reportedly, he [Bonsal] was adversely associated with a family violence assault criminal complaint against a deputy under his command, Doug Johnson, being quashed irrespective of merit and that he [Bonsal] shielded Johnson from appropriate employment disciplinary consequences; that, reportedly, Bonsal was adversely associated with an intoxication, disorderly conduct (while possessing a firearm) criminal complaint against a deputy under his command, Ross Woods, being quashed irrespective of merit and that he [Bonsal] shielded Woods from appropriate employment disciplinary consequences; that, on many occasions, he [Bonsal] would shield deputies under his command from appropriate employment disciplinary consequences and that this protection was largely based on his

friendship with the deputies; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Bonsal] personal knowledge, the facts pled by Whittington are accurate.

(12) **Sherman Eagleton**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that he [Eagleton] used government-owned power generators for personal benefit; that, as the elected constable, he [Eagleton] relied on the defendant agent Kirk Wayne Bonsal, Jr. to command the day-to-day agency affairs; and, that, to the extent of his [Eagleton] personal knowledge, the facts pled by Whittington are accurate.

(13) **Isaac Villarreal**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that he [Villarreal] routinely worked private employment while on-duty, in violation of agency policy, along with subordinate deputy Eliel Pereda and that he [Villarreal] and Pereda avoided appropriate employment disciplinary consequences; that the defendant agent Kirk Wayne Bonsal, Jr. ordered him [Villarreal] and the defendant agent Troy Barringer to suborn false witness testimony against Whittington in this case from members of the Criminal Interdiction Unit; that Bonsal fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Villarreal] personal knowledge, the facts pled by Whittington are accurate.

(14) **Troy Barringer**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that the defendant agent Kirk Wayne Bonsal, Jr. ordered him [Barringer] and the defendant agent Isaac Villarreal to suborn false witness testimony against Whittington in this case from members of the Criminal Interdiction Unit; that Bonsal fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Barringer] personal knowledge, the facts pled by Whittington are accurate.

(15)  **Bryant Howard**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that the defendant agent Kirk W. Bonsal, Jr. requested him [Howard] to make false complaints against Whittington; that he [Howard] opposed Whittington being terminated from employment at the agency; that he [Howard] on occasion interfered in violation of agency policy with Whittington's police canine handling; that Bonsal fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Howard] personal knowledge, the facts pled by Whittington are accurate.

(16)  **Herman Sanders**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that the defendant agent Kirk W. Bonsal, Jr. fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Sanders] personal knowledge, the facts pled by Whittington are accurate.

(17)  **Jeff Gonzalez**
      Harris County Precinct 3 Constable's Office
      c/o Melissa G. Martin
      1019 Congress Street, 15th Floor
      Houston, Texas 77002
      (713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that he [Gonzalez] was allowed by supervision to use racial slurs toward a subordinate African American and that he [Gonzalez] avoided appropriate employment disciplinary consequences; that the defendant agent Kirk W. Bonsal, Jr. fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Gonzelez] personal knowledge, the facts pled by Whittington are accurate.

(18)  **Margaret Magana**
      Harris County Precinct 3 Constable's Office
      c/o Melissa G. Martin
      1019 Congress Street, 15th Floor
      Houston, Texas 77002
      (713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that she [Magana] was protected by supervision after being caught using a county vehicle for the unauthorized purpose of engaging in personal relations and that she [Magana] avoided appropriate employment disciplinary consequences; that the defendant agent Kirk W. Bonsal, Jr. fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant Sherman Eagleton and his command staff; and, that, to the extent of her [Magana] personal knowledge, the facts pled by Whittington are accurate.

(19)  **Patrick Sullivan**
      Harris County Precinct 3 Constable's Office
      c/o Melissa G. Martin
      1019 Congress Street, 15th Floor
      Houston, Texas 77002
      (713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that he

[Sullivan] was protected by supervision after being caught having unauthorized sexual relations with a subordinate and that he [Sullivan] avoided appropriate employment disciplinary consequences; that the defendant agent Kirk W. Bonsal, Jr. fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Sullivan] personal knowledge, the facts pled by Whittington are accurate.

(20)   **Kyle Cornelius**
        Harris County Precinct 3 Constable's Office
        c/o Melissa G. Martin
        1019 Congress Street, 15th Floor
        Houston, Texas 77002
        (713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that Whittington was racially excluded from agency hosted birthday parties; that the defendant agent Kirk W. Bonsal, Jr. fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Cornelius] personal knowledge, the facts pled by Whittington are accurate.

(21)   **David Johnson**
        Harris County Precinct 3 Constable's Office
        c/o Melissa G. Martin
        1019 Congress Street, 15th Floor
        Houston, Texas 77002
        (713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that he [Johnson] was treated adversely for being an African American in an interracial marriage; that the allegation that Whittington mishandled evidence is false; that the defendant agent Kirk Wayne Bonsal, Jr. ordered him [Johnson] to make false statements about Whittington; that Bonsal fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Johnson] personal knowledge, the facts pled by Whittington are accurate.

(22)   **Amanda Watson**
        Harris County Precinct 3 Constable's Office
        c/o Melissa G. Martin

1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that Whittington was racially excluded from agency hosted birthday parties; that the defendant agent Kirk W. Bonsal, Jr. fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of her [Watson] personal knowledge, the facts pled by Whittington are accurate.

(23)  **Eliel Pereda**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that he [Pereda] routinely worked private employment while on-duty, in violation of agency policy, along with the defendant agent Isaac Villarreal and that he [Pereda] and Villarreal avoided appropriate employment disciplinary consequences; that the defendant agent Kirk W. Bonsal, Jr. fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Pereda] personal knowledge, the facts pled by Whittington are accurate.

(24)  **George Suarez**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that Whittington was racially excluded from agency hosted birthday parties; that his [Suarez] spouse made cakes for agency hosted birthday parties; that the defendant agent Kirk W. Bonsal, Jr. fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the

defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Suarez] personal knowledge, the facts pled by Whittington are accurate.

(25) **Ross Woods**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that he [Woods] on occasion interfered, in violation of agency policy, with Whittington's police canine handling and that he [Woods] avoided appropriate employment disciplinary consequences; that, reportedly, he [Woods] was the target of an intoxication, disorderly conduct (while possessing a firearm) criminal complaint that was quashed irrespective of merit with the help of the defendant agent Kirk W. Bonsal, Jr. and that he [Woods] avoided appropriate employment disciplinary consequences; that the defendant agent Kirk W. Bonsal, Jr. fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Woods] personal knowledge, the facts pled by Whittington are accurate.

(26) **Doug Johnson**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that, reportedly, he [Johnson] was the target of a family violence assault criminal complaint that was quashed irrespective of merit with the help of the defendant agent Kirk W. Bonsal, Jr. and that he [Johnson] avoided appropriate employment disciplinary consequences; that he [Johnson] committed a criminal family violence assault, in the presence of the defendant agents Kirk W. Bonsal, Jr. and Troy Barringer, against a co-worker who he was in a sexual relationship with and that he [Johnson] avoided appropriate employment disciplinary consequences; that he [Johnson] criminally failed to report an on-duty vehicle crash that he was at fault for and that he [Johnson] avoided appropriate employment disciplinary consequences; and, that, to the extent of his [Johnson] personal knowledge, the facts pled by Whittington are accurate.

(27) **Paul Simpson**
Harris County Precinct 3 Constable's Office

c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that he [Simpson] received a complaint from a juvenile who reported being assaulted by the defendant agent Troy Barringer on a police scene that Whittington assisted on; that the defendant agent Kirk W. Bonsal, Jr. fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Simpson] personal knowledge, the facts pled by Whittington are accurate.

(28)    **Robert Duffy**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that the defendant agent Kirk W. Bonsal, Jr. tampered with government records in an effort to wrongly harm Whittington; that Bonsal fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Duffy] personal knowledge, the facts pled by Whittington are accurate.

(29)    **David Jones**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that the defendant agent Kirk W. Bonal, Jr. personally disliked Whittington; that Bonsal protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton

and his command staff; and, that, to the extent of his [Jones] personal knowledge, the facts pled by Whittington are accurate.

(30) **Larry Jaramillo**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that the allegation that Whittington mishandled evidence is false; that the defendant agent Kirk W. Bonsal, Jr. fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to the defendant agent Sherman Eagleton and his command staff; and, that, to the extent of his [Jaramillo] personal knowledge, the facts pled by Whittington are accurate.

(31) **Bobby Thurman**
Harris County Precinct 3 Constable's Office
c/o Melissa G. Martin
1019 Congress Street, 15th Floor
Houston, Texas 77002
(713) 274-5354

Relevant Testimony: That the plaintiff Bert W. Whittington, III was a competent, professional, and ethical peace officer who proficiently handled his police canine; that the allegations of employment misconduct made against Whittington are false; that the defendant agent Sherman Eagleton used government-owned power generators for personal benefit; that the defendant agent Kirk W. Bonsal, Jr. fostered and protected racial hostility against African Americans to include Whittington; that the racial hostility within the work environment was open obvious to Eagleton and his command staff; and, that, to the extent of his [Thurman] personal knowledge, the facts pled by Whittington are accurate.

(32) Any and all witnesses listed by the defendant to testify.

2. Fed. R. Civ. P. § 26(a)(1)(A)(ii).

Documents supplied by the constable's office to Whittington and recordings made by Whittington.

3. Fed. R. Civ. P. § 26(a)(1)(A)(iii).

Economic damages will be calculated based on actual losses of earnings, retirement, and benefits and costs of seeking relief to include litigation costs and attorney fees. Compensatory

damages will be based on applicable statutory provision and/or appropriate judicial award.

The plaintiff was unlawfully terminated from employment by the defendant Harris County, Texas on August 28th, 2020, being more than five years, five months ago as of the date of these supplement disclosures. According to the U.S. Equal Employment Opportunity Commission, "[w]henever discrimination is found, the goal of the law is to put the victim of discrimination in the same position (or nearly the same) that he or she would have been if the discrimination had never occurred".

A victim of discrimination may be entitled to reinstatement and/or job placement with back pay and benefits that the victim would have received if the discrimination had never occurred. A victim may also recover damages back pay, front pay, lost benefits, emotional distress, attorney fees, and court costs.

In the instant case, the plaintiff's base gross wages at the time of his unlawful employment termination were ≈$4,500.00 per month which excluded extra supplemental employment income. The plaintiff's pension contribution was ≈$500.00 per month with the defendant Harris County, Texas matching his contribution. The plaintiff's entire retirement savings were unjust lost as a direct consequence of the unlawful employment termination. According to the expert economist report valued lost pay (including pension) damages upwards to ≈$480K as of July 22nd, 2022, excluding the value of lost pension benefits and applicable discounting.

Even with an offset for income that the plaintiff was able to obtain after his unlawful employment termination, the amount of his lost wages and benefit far exceed $750K and his legal-related expenses include:

- Court costs in the amount of $807.00.
- Deposition costs in the amount of $5,930.43.
- Expert fee costs in the amount of $2,450.00.
- Mediation fee costs in the amount of $2,225.00.
- Attorney fees in the amount of $100K+.

Aggravating circumstances exist in that the defendant Harris County, Texas maliciously, deliberately, and publicly labelled the plaintiff as a corrupt police officer who stole drug evidence, further maliciously and deliberately blacklisting the plaintiff from obtaining new comparable employment after his unlawful employment termination. The malicious, deliberate unlawful conduct of the defendant Harris County, Texas caused the plaintiff severe mental health issues which required professional care and it forced the plaintiff and his family to relocate out of state to avoid continued harassment and intimidation.

Given that the defendant Harris County, Texas is an employer with more than 500 employees, compensatory (mental anguish) damages are limited to $300K per cause of action. In the instant case, the appellate court affirmed three independent causes of action against the defendant Harris County, Texas, namely, race discrimination under Title VII of the Civil Rights Act of 1964 (as codified at 42 U.S.C. § 2000e, et seq) for unlawful employment termination, unlawful employment retaliation, and unlawfully creating a hostile work environment.

4.      Fed. R. Civ. P. § 26(a)(1)(A)(iv).

Not applicable.

5.      Fed. R. Civ. P. § 26(a)(2).

The plaintiff Bert W. Whittington, III previously designated the economic damages expert below and renews said designation and also makes the additional designation below

Dr. Kenneth Eugene Lehrer
Lehrer Financial and Economic Advisory Services
5555 Del Monte Drive, Suite 802
Houston, Texas 77056

*Expert testimony relates to the establishment of economic damages suffered by the plaintiff in this case. A copy of the expert report dated July 29th, 2022 was disclosed to all interested parties at the time of designation.*

Philip J. Orth, III
Attorney at Law
16406 Lamplighter Street
Crosby, Texas 77532

*Expert testimony relates to establishing the necessity and reasonableness of attorneys required to represent the plaintiff in this case.*

* * *

These disclosures will be diligently supplemented or amended as necessary.

Respectfully submitted,

/ s / Philip J. Orth, III

**Philip J. Orth, III**
Attorney-in-Charge

Texas BCN 15323070
Federal BCN 14065
16406 Lamplighter Street
Crosby, Texas 77532
(713) 520-8333
(772) 217-8162 Fax
philip.orth@yahoo.com

Attorney for:
Bert W. Whittington, III

<h2 style="text-align:center">CERTIFICATE OF SERVICE</h2>

Pursuant to Fed. R. Civ. P. § 5(b) and Loc. R. § 5.3, it is certified that a copy of these papers was served on all interested parties.

/ s / Philip J. Orth, III

**Philip J. Orth, III**
Attorney-in-Charge

Texas BCN 15323070
Federal BCN 14065