**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BERT W. WHITTINGTON,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KIRK WAYNE BONSAL, ET AL.,** | § | **Civil Action No. 4:21-CV-3220** |
| *Defendants.* | § | |
| | § | |

**DEFENDANT HARRIS COUNTY'S ANSWER AND DEFENSES**
**TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Defendant Harris County (the "County") files this Answer and Defenses to Plaintiff's Second Amended Complaint. In support of said answer and defenses, the County would respectfully show this Court as follows:

## I.   ANSWER

1. The County denies the 5th Circuit "affirmed" Plaintiff's claims. The County admits rather that the 5th Circuit found a fact issue as to Plaintiff's claims for which the merit of such claims should be decided by a jury.

2. This is a statement as to the status of the case and no answer is required.

3. This is a statement as to the legal proceeding and no answer is required.

4. The County admits that this complaint involves a local government agency, Harris County Constable's Office Precinct 3 ("Precinct 3"), but denies all other allegations. Further, there are no conspiracy or equal protection claims in this matter and thus Harris County is unable to respond to these allegations that are not part of this case. To the

1

extent an answer is required with regard to allegations of conspiracy and equal protection, these allegations are denied.

5. This is a statement as to the legal proceeding and no answer is required.

6. The County admits that this Court has jurisdiction in this case.

7. The County admits that venue is proper in this Court.

8. The County admits that Bert W. Whittington, III ("Whittington") is a plaintiff in this case, is an African American male, but is without knowledge or information sufficient to admit or deny the remaining allegations.

9. The County admits that it is a defendant in this case, with proper service who employed the Plaintiff.

10. The County admits this allegation but denies allegations of wrongful employment termination.

11. The County admits this allegation but denies the allegations that its actions were based on race discrimination or retaliation.

12. The County admits that this suit was timely filed.

13. The County admits that Whittington is a veteran of the United States Marine Corps and lacks knowledge or information sufficient to admit or deny the remaining allegations.

14. The County lacks knowledge or information sufficient to admit or deny the allegations.

15. The County admits that Whittington was employed as a state trooper but lacks knowledge or information sufficient to admit or deny the remaining allegations.

16. The County admits that Whittington is African American.

17. The County admits that Whittington was appointed as a Deputy with Precinct 3 in the Crime Interdiction Unit and as a K-9 officer.

18. The County denies the allegations.

19. The County denies the allegations.

20. The County admits that Whittington answered directly to Troy Barringer in his employment with Precinct 3 but denies the remaining allegations.

21. The County admits an inappropriate text was sent by Jason Hutchins on May 9, 2020 while at a testing site promoted by Congresswoman Sheila Jackson Lee but denies all of the remaining allegations.

22. The County denies the allegations.

23. The County denies the allegations in Paragraph 23.

24. The County denies the allegations in Paragraph 24.

25. The County admits that Whittington was the only African American in the Crime Interdiction Unit and that he requested an African American be appointed to the small group but denies the remaining allegations as worded.

26. The County admits that Barringer was the supervisor of the Crime Interdiction Unit and that Whittington was the only African American member but denies the remaining allegations in Paragraph 26.

27. The County denies the allegations in Paragraph 27.

28. The County denies the allegation in Paragraph 28.

29. The County admits that on one occasion Whittington was denied the use of the County vehicle because Whittington refused the request to ensure the tires were inflated before taking off. All other allegations in Paragraph 29 are denied.

30. The County admits that Villareal cleaned the vehicle but denies all other allegations in Paragraph 30.

31. The County is without information or belief to admit or deny the allegation that Whittington recorded conversations at work since Whittington has only produced the recording of the May 2020 meeting. The County denies all other allegations in Paragraph 31.

32. The County denies that Whittington was "targeted" by Bonsal, Villarreal, and/or Barringer. The County admits that Whittington was disciplined for not following Precinct 3 policies, such as failing to wear body cameras on duty and mishandling evidence.

33. The County denies the allegations in Paragraph 33.

34. The County admits that Whittington was terminated on August 28, 2020, the same day that he made a report against Barringer accusing him of hitting a juvenile suspect on May 28, 2020. The County further admits that although his complaint was the same day as his termination, Whittington made the complaint one day after Whittington had appeared before the ADC to plead his case and where Whittington was informed that the ADC would be deciding on whether they would vote to terminate him from employment with Precinct 3. The County denies the remaining allegations in Paragraph 34.

35.  The County denies the allegations in Paragraph 35.

36. The County denies the allegations in Paragraph 36.

37. The County admits that Deputy Chief Bonsal reported Whittington's termination to the Texas Commission on Law Enforcement and appropriately classified the termination as a General Discharge in accordance with the TCOLE definition.

38. The County admits that Whittington did not receive a Dishonorable Discharge because it did not apply.

39. The County denies the allegations in Paragraph 39.

40. The County denies the allegations in Paragraph 40.

41. The County is without information to admit or deny what photos Whittington has. The County denies the remaining allegations in Paragraph 41.

42. The County denies the allegations in Paragraph 42.

43. The County denies the allegations in Paragraph 43.

44. The County denies the allegations in Paragraph 44.

45. The County denies the allegations in Paragraph 45.

46. The County denies the allegations in Paragraph 46.

47. The County re-alleges each and every answer as set forth in in Paragraphs 13 through 46 hereinabove as answer to Paragraph 47.

48. The County admits that Whittington has a right to enjoy lawful employment practices, free from discrimination based on race or color. The County denies all remaining allegations in Paragraph 48 to the extent it is implied the County committed wrongful acts. Moreover, Whittington's reference to the "Defendant Parties" is improper and requires no answer as Harris County is the only Defendant and to the extent Whittington is asserting there is another "Defendant Party", this contention is denied.

49. The County denies the allegations in Paragraph 49. Moreover, Whittington's reference to the "Defendant Parties" is improper and requires no answer as Harris County is the only Defendant and to the extent Whittington is asserting there is another "Defendant Party", this contention is denied.

5

50. The County admits the allegations in Paragraph 50.

51. The County denies the allegations in Paragraph 51. Moreover, Whittington's reference to the "Defendant Parties" is improper and requires no answer as Harris County is the only Defendant and to the extent Whittington is asserting there is another "Defendant Party", this contention is denied.

52. The County denies the allegations in Paragraph 52.

53. The County denies the allegation in Paragraph 53.

54. The County denies the allegations in Paragraph 54. Moreover, Whittington's reference to the "Defendant Parties" and his claim of "joint and several" liability is improper and requires no answer as Harris County is the only Defendant. To the extent Whittington is asserting there is another "Defendant Party", this contention is denied.

55. The County denies the allegations in Paragraph 55.

56. The County denies the allegations in Paragraph 56. Moreover, Whittington's reference to the "Defendant Parties" and his claim of "joint and several" liability is improper and requires no answer as Harris County is the only Defendant. To the extent Whittington is asserting there is another "Defendant Party", this contention is denied.

57. The County denies the allegations in Paragraph 57.

58. The County denies the allegations in Paragraph 58. Moreover, Whittington's reference to the "Defendant Parties" and his claim of "joint and several" liability is improper and requires no answer as Harris County is the only Defendant. To the extent Whittington is asserting there is another "Defendant Party", this contention is denied.

59. The County denies the allegations in Paragraph 59.

60. This paragraph is a legal proposition which requires no answer.

61. Paragraph 61 is a claim for relief and requires no answer. However, to the extent an answer is required, the County denies Whittington is entitled to some of the named prayed for relief because it is not available under the statute.

62. Paragraph 62 is a claim for relief which requires no answer. To the extent an answer is required it is denied.

63. Paragraph 63 is a claim for relief which requires no answer. To the extent an answer is required it is denied.

## II.    DEFENSES

64. The County pleads that Plaintiff has failed to plead a claim under which relief can be granted

65. The County pleads it cannot be liable under a theory of respondent superior under federal law.

66. The County pleads that it would have made the same decision even if the Plaintiff's protected class was not taken into consideration.

67. The County pleads that it adequately trained and supervised its employees and that any failure to train or supervise its employees did not deprive Whittington of any federally secured rights.

68. The County pleads that the County exercised reasonable care to prevent and correct promptly any racially harassing behavior; and that Whittington unreasonably failed to take advantage of any preventative or corrective opportunities provided by the County.

69. The County pleads that the actions such as hiring and firing were committed by the same actor and such actions were committed by an actor of the same race as Whittington.

70. The County asserts and pleads that any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions or inactions.

71. The County asserts and pleads that Plaintiff was employed at will and could be discharged with or without cause.

72. Whittington's claims are barred because the County's actions were based upon legitimate, nondiscriminatory reasons, unrelated to discrimination, retaliation or any statutorily protected classification or activity.

73. Whittington's claims are barred because he failed to engage in a protected activity.

74. To the extent it may become applicable after discovery, the County asserts after acquired evidence as a defense or bar relief for any alleged wrongdoing.

75. Whittington's claims for damages should be barred or reduced to the extent he failed to mitigate alleged damages.

76. Any actions taken by Harris County were in good faith and it had reasonable grounds to believe its actions were lawful.

77. Whittington's claims are barred to the extent by the doctrines of waiver, unclean hands and/or estoppel.

78. Whittington's claims are barred because he was not subjected to any adverse employment actions because of an exercise of protected activity.

79. Whittington's claims are barred by failure to exhaust administrative remedies.

80. The County asserts all statutory caps to damages.

81. The County asserts that the allegations contained herein exceed the scope of those contained in the EEOC complaint.

82. The County asserts and pleads that Plaintiff's damages if any, may be reduced or offset by virtue of any recovery he has obtained or may obtain from any other source because of unemployment benefits or otherwise.

83. The County pleads government and/or qualified immunity and/or sovereign immunity.

84. The County pleads that it cannot be liable for any claims related to the reviews of Plaintiff's personnel file that contain the truthful reason for termination.

85. The County asserts and pleads that pursuant to the statute under Title VII, 42 USC §1981(A)(b)(1), Whittington is not entitled to an award of punitive damages against the County because it is a government agency and not subject to punitive damages pursuant to the statute.

86. The County asserts the defense of statute of limitations.

### III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County prays that Plaintiff take nothing by his suit, that it recover its costs and all other relief that it may be justly entitled to at law or in equity.

Respectfully submitted,

By:   */s/ Melissa G. Martin*
**MELISSA G. MARTIN**
Assistant County Attorney
ATTORNEY IN CHARGE
State Bar No. 24039035
Fed. Bar No. 38613
Tel: (713) 274-5354 (direct)
Fax: (713) 755-8823
Melissa.Martin@harriscountytx.gov
**RADHA THIAGARAJAN**
Senior Assistant County Attorney
State Bar No. 00784154
Federal Bar No. 20217
Radha.Thiagarajan@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY
ATTORNEY**
1019 Congress
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT
HARRIS COUNTY**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a copy of the instrument to which this certificate is attached was served on Plaintiff on April 22, 2026.

*/s/ Melissa G. Martin*
Melissa G. Martin

10