**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BERT W. WHITTINGTON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:21-cv-3220** |
| | § | |
| **KIRK WAYNE BONSAL, *ET. AL.*,** | § | |
| **Defendants.** | § | |

### DEFENDANT'S MOTION TO QUASH TRIAL SUBPOENAS

Defendant Harris County, Texas (the "County") files its Motion to Quash the Trial Subpoenas issued by Plaintiff to non-party witnesses and to Harris County Constable Precinct 3 in Plaintiff's Notice of Intended Trial Witnesses (Doc.82). In support, the County respectfully shows the following:

### NATURE AND STAGE OF THE PROCEEDING

This case was instituted in 2021, when Plaintiff Bert Whittington ("Plaintiff or "Whittington"), a former County employee, brought this lawsuit against the County alleging discrimination and retaliation under Title VII.  Over the ensuing 6 years and appeal process, the parties have engaged in extensive discovery which closed on February 1, 2026. On March 25, 2026, Plaintiff filed Plaintiff's Notice of Intended Trial Witnesses and Issuance of Trial Subpoenas which included seven Custodians of Records requesting production of documents (Doc. 82., p. 3-4).

Trial subpoenas were issued for the following intended non-party witnesses:

(1) Custodian of Records
Indeed, Inc.
Austin Indeed Tower (HQ)
200 West 6th Street, Floor 36
Austin, Texas 78701

(2) Custodian of Records
GardaWorld
13333 Northwest Freeway, Suite 630
Houston, Texas 77040

(3) Custodian of Records
Easter Seals, Inc.
d/b/a Veterans Staffing Network
1420 Spring Street
Silver Spring, Maryland 20910

(4) Custodian of Records
Kingwood Pines Hospital
2001 Ladbrook Drive
Kingwood, Texas 77339

(5) Custodian of Records
Holistic Psychiatry
3411 Cedar Knolls Dr, Suite B
Kingwood, Texas 77339

(6) Custodian of Records
U.S. Department of Veterans Affairs
Texas City V.A. Clinic
9330 Emmett F. Lowery Expressway, Suite 206
Texas City, Texas 77591

(7) Custodian of Records
Harris County Precinct 3 Constable's Office
701 West Baker Road
Baytown, Texas 77521

Consequently, the County seeks to quash the trial subpoenas as prejudicial and untimely.

## **ARGUMENT**

Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26. In the federal context, courts within the Fifth Circuit have consistently held that "subpoenas duces tecum to non-parties are discovery" and are "subject to the same standards as other discovery devices concerning scope and limitations on discovery established in Fed. R. Civ. P. 26(b)(1) and

2

(2)*.*" *In re Pabst Licensing GmbH Patent Litig.,* No. CIV. A. 99-MD-1298, 2001 WL 797315, at *21 (E.D. La. July 12, 2001); 9A C. Wright & A. Miller, Federal Practice and Procedure § 2452 (West 1995).) Rule 45(d)(3), which allows quashing or modification where subpoenas impose undue burden, seek privileged matters, fail to provide reasonable time for compliance, or require attendance far from the witness's location. Fed. R. Civ. P. 45(d)(3).

But trial subpoenas are not intended as a backdoor for discovery that could have been obtained before trial. *IQ Products Co. v. Onyx Corp.,* 48 Fed. Appx. 107 (5th Cir. 2002). Accordingly, courts have recognized that quashing is proper when subpoenas are untimely, especially if they seek discovery after the close of fact discovery and prejudice the responding party by denying them the opportunity to depose witnesses linked to the subpoenaed records. *See Williams*, 2006 WL 905955, at *2 (S.D. Miss. Apr. 7, 2006) (observing that court has "taken the position that subpoenas are a form of discovery and subject to all of the strictures governing discovery, including the deadlines set in the Case Management Plan Order"). The notion is that "[P]arties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery." *Kelly v. Cowboy's Motorsports of San Antonio, LLC*, No. SA-12-CA-347-FB, 2013 WL 12345010, at *8 (W.D. Tex. Oct. 15, 2013); see also 9A Fed. Prac. & Proc. Civ. § 2452). A Rule 45 trial subpoena duces tecum seeking production of certain specified documents at trial may be served after the close of discovery, but it may only be used to secure production of original documents previously disclosed by discovery at trial. It may not be used to obtain new documents not previously identified. *Giarratano v. Huntington Ingalls Inc.,* No. CV 22-88, 2023 WL 2898332, at *3 (E.D. La. Apr. 11, 2023).

3

Here, Plaintiff's subpoena seeks a broad array of records that fall squarely within the scope of traditional discovery and should have been requested, during the discovery period. Plaintiff failed to do so, and his current request is both untimely and prejudicial. By waiting until after the close of discovery to seek these records, Plaintiff has deprived Defendant of any meaningful opportunity to investigate the documents and accuracy of the information sought or depose relevant persons. This tactic denies Harris County the procedural safeguards built into the discovery process and undermines the Court's scheduling order. More troubling is that the employment records Plaintiff is just now seeking to obtain through a subpoena were requested by the Defendant on February 28, 2022. And the records related to his psychological medical records to support his claim for mental anguish were requested by Harris County on October 14, 2022. This case was remanded back to this Court on July 28, 2025. And the status conference was held on October 29, 2025 at which time the parties were notified as to the trial date and at the Plaintiff's request, a new discovery deadline was set. And yet, Plaintiff still did not produce the documents that had been requested by Defendant within the new discovery deadline of February 1, 2026. Instead, Plaintiff opted to wait until after the deadline issued by this Court for the Parties to file motions other than a motion in limine of March 2, 2026 had passed to issue the subpoenas for the first time and ordering these custodians to produce documents on the day of trial. A party cannot simply refuse to provide documents in response to a discovery request and then issue a subpoena for the day of trial and expect to use documents that were requested in discovery. This is nothing but a blatant attempt for a trial by ambush.

Moreover, with respect to the subpoena for Harris County Constable Precinct 3 (Doc. 82, p. 4), compliance with the subpoena at this late stage would impose an undue burden, requiring Harris County to locate, review, and produce records without the benefit of discovery objections

necessary to address them. Further, Plaintiff is not entitled to circumvent the discovery process by masking a late stage discovery request beyond the discovery deadline as a subpoena duces tecum. Therefore, Plaintiff's trial subpoenas to non-fact witnesses and to Harris County Precinct 3 should be quashed pursuant to Rule 45(d)(3) for prejudice, untimeliness, and undue burden.

## CONCLUSION

Plaintiff's trial subpoenas should be quashed for the 7 Custodians of Records discussed herein. For the foregoing reasons, Defendant Harris County respectfully requests that the Court grant Defendant's Motion to Quash Trial Subpoenas.

Date: April 30, 2026

Respectfully submitted,

By:   */s/ Melissa G. Martin*
**MELISSA G. MARTIN**
Senior Assistant County Attorney
Attorney-In-Charge
State Bar No. 24039035
Federal Bar No. 38613
Melissa.Martin@harriscountytx.gov
**RADHA THIAGARAJAN**
Senior Assistant County Attorney
State Bar No. 00784154
Federal Bar No. 20217
Radha.Thiagarajan@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5354

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I certify that on April 29, 2026, I corresponded with Plaintiff's counsel, Mr. Philip John Orth, III, regarding this motion, and he advised that Plaintiff was opposed to this motion.

*/s/Melissa G. Martin*
MELISSA G. MARTIN

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 30, 2026, a copy of the foregoing document was served upon each party to this cause pursuant to the Federal Rules of Civil Procedure.

<u>*/s/ Melissa G. Martin*</u>
MELISSA G. MARTIN