| | | |
|---|---|---|
| BERT W. WHITTINGTON, III | § | |
| PLAINTIFF | § | |
| | § | |
| - VERSUS - | § | CIVIL ACTION NO. 4:21-CV-03220 |
| | § | |
| | § | |
| KIRK WAYNE BONSAL, JR., ET AL | § | |
| DEFENDANTS | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT HARRIS COUNTY'S MOTION TO QUASH TRIAL SUBPOENAS

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Into court comes the plaintiff Bert W. Whittington, III who files this Plaintiff's Response to Defendant Harris County's Motion to Quash Trial Subpoenas and in support thereof would respectfully show the court as follows:

### RESPONSE SUMMARY

1. In its motion to quash, the defendant Harris County, Texas ("Harris County") complains about seven specific, unserved trial subpoenas that the plaintiff Bert W. Whittington, III ("Whittington") gave notice of intent to serve. [Doc. 82].

2. Contrary to Harris County's complaint, the intended trial subpoenas cannot constitute "annoyance, embarrassment, oppression, or undue burden or expense" on Harris County as it now asserts nor would the subpoenas prejudice Harris County in any way.

3. Further, the intended trial subpoenas were not discovery in nature but rather to have readily available rebuttal records to counter anticipated conflicts at trial with defense testimony

and arguments. The records sought by the intended trial subpoenas were already addressed in some fashion during the history of the case.

## SCOPE OF INTENDED TRIAL SUBPOENAS

4. The scope of the intended trial subpoenas duces tecum sought records in three distinct categories: Job Search-Related; Healthcare-Related; and Employment-Related. The intended subpoenas specifically sought the following:

Category 1: Job Search-Related Records

"Documentation of applications made by Bert W. Whittington III, who is more fully identified in the accompanying authorization, for job postings published by [the subpoenaed party] during the period of August 28th, 2020 to present."

(a)     Custodian of Records
        Indeed, Inc.

(b)     Custodian of Records
        GardaWorld

(c)     Custodian of Records
        Easter Seals, Inc.
        d/b/a Veterans Staffing Network

Category 2: Healthcare-Related Records

"Documentation of diagnosis, prognosis, and treatment of physical and/or mental health matters pertaining to patient Bert W. Whittington III, who is more fully identified in the accompanying authorization, during the period of August 28th, 2020 to present."

(d)     Custodian of Records
        Kingwood Pines Hospital

(e)     Custodian of Records
        Holistic Psychiatry

(f)     Custodian of Records
        U.S. Department of Veteran Affairs

Category 3: Employment-Related Records

"Any and all procedures that would have been in effect for the medical examiner's office

for collecting and/or receiving of evidence on May 28th, 2020 involving the Harris County Precinct 3 Constable's Office."

"Any and all procedures that would have been in effect for the medical examiner's office for processing of evidence on May 28th, 2020 involving the Harris County Precinct 3 Constable's Office."

"Any and all procedures that would have been in effect for the transportation of drugs to the medical examiner's office on May 28th, 2020 involving the Harris County Precinct 3 Constable's Office."

"Any and all documents regarding the collection, packaging, transportation, chain of custody, and processing of the drugs in a case handled by the Harris County Precinct 3 Constable's Office that would have been in effect on May 28th, 2020."

"Any and all documentation of deputies employed by the Harris County Precinct 3 Constable's Office who received any disciplinary action for not wearing their body cameras when required by policy in the two years prior to August 28th, 2020."

"Any and all documentation for all deputies employed by the Harris County Precinct 3 Constable's Office who received any disciplinary action for having their canines bite anyone in the two years prior to August 28th, 2020."

(g)   Custodian of Records
Harris County Precinct 3 Constable's Office

5.   None of the intended subpoenas complained about were served on the desired parties given Harris County's complaint.

### GROUNDS TO DENY MOTION TO QUASH

6.   The motion to quash trial subpoenas [Doc. 88] filed by Harris County should be denied.

7.   The sought job search-related (Category 1) and healthcare-related (Category 2) records are applicable to affirming the existence of already established monetary damages suffered by Whittington. The sought records, if necessary for trial, are intended to be independent confirmation of pre-trial discovery already completed.

8.   Whittington already answered pre-trial discovery about his relevant inability to secure new gainful employment and about the relevant adverse health issues that he suffered. The

responsive job search-related records would consist of a simple list of jobs applied for by Whittington and the responsive healthcare-related records had already been made available to Harris County directly and indirectly.

9. The availability of the relevant custodian of records to directly authenticate the records live to the trier of fact is a plausible and reasonable due process contingent. More so, one would think that Harris County would welcome such independent corroboration of the pre-trial truthfulness of Whittington and the accuracy of his economic damages expert witness.

10. The sought employment-related records (Category 3) are applicable to affirming the truthfulness of Harris County and defense-related matters. The sought records, if necessary for trial, are intended to be independent rebuttal evidence. The responsive employment-related records are already in Harris County's possession, most of which being publicly available, and said records had already been largely addressed in pre-trial discovery.

11. As previously said above, the availability of the relevant custodian of records to directly authenticate the records live to the trier of fact is a plausible and reasonable due process contingent that one would think that Harris County would welcome to independently corroborate the pre-trial truthfulness of itself and defense-related witness testimony.

### CONCLUSION AND PRAYER

12. While the issues in this case are straightforward, the nature of the case requires substantial fact development in the absence of party stipulations. The necessity of the contested trial subpoenas could be avoided through stipulation of fact; however, such stipulations have not been a reality.

13. For the reasons set forth herein, the motion to quash trial subpoenas should be denied and the plaintiff should be granted permission to serve said subpoenas.

Respectfully submitted,

/ s / Philip J. Orth, III

**Philip J. Orth, III**
Attorney-in-Charge

Texas BCN 15323070
Federal BCN 14065
16406 Lamplighter Street
Crosby, Texas 77532
(713) 520-8333
(772) 217-8162 Fax
philip.orth@yahoo.com

Attorney for:
Bert W. Whittington, III

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. § 5(b) and Loc. R. § 5.3, it is certified that a copy of these papers was served on all interested parties.

/ s / Philip J. Orth, III

**Philip J. Orth, III**
Attorney-in-Charge

Texas BCN 15323070
Federal BCN 14065