| | | |
|---|---|---|
| **BERT W. WHITTINGTON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:21-cv-3220** |
| | § | |
| **KIRK WAYNE BONSAL, *ET. AL.*,** | § | |
| **Defendants.** | § | |

## DEFENDANT'S FIRST AMENDED PROPOSED JURY CHARGE

## MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply.

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You the jury are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits by the parties constitute the evidence. The statements of counsel are not evidence and are not instructions on the law; they are only arguments. They are intended only to assist the jury in understanding the evidence and parties' contentions.

It is important for you to distinguish between the arguments of counsel and evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide this case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defending in arriving at your verdict.

In this case, the plaintiff has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely true than not true. If you find that the plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law or for my rulings and instructions to you regarding the evidence, you should disregard anything I may have said during the trial in arriving at your verdict.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand?

You must give the testimony of each witness the credibility that you think it deserves.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

You should also keep in mind that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. If a witness has a made a misstatement, you need to consider whether the misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

Also, the fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## SPECIFIC INSTRUCTIONS TITLE VII DISCRIMINATION [11.1]:

Plaintiff Bert Whittington claims that he would not have been terminated but for his race.

Harris County denies Plaintiff's claims, and contends it had legitimate basis for termination because of Plaintiff's violations of policy.

It is unlawful for an employer to discriminate against an employee because of the employee's race. An employer may, however terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff must prove by a preponderance of the evidence that:

1.       Defendant Harris County terminated Plaintiff Whittington; and

2.       Defendant Harris County would not have terminated Plaintiff Whittington in the absence of -- in other words, but for -- his race.

Plaintiff Whittington does not have to prove that unlawful discrimination was the only reason Defendant Harris County terminated his employment. But Plaintiff Whittington must prove that Harris County's decision to terminate would not have occurred in the absence of such discrimination.

If you find that the reason Harris County has given for Plaintiff's termination is unworthy of belief, you may, but are not required to, infer that Harris County was motivated by Plaintiff's race.

Page 6 of 21

**<u>SPECIFIC INSTRUCTIONS RETALIATION [11.5]:</u>**

Plaintiff Whittington claims that he was retaliated against by Defendant Harris County for engaging in activity protected by Title VII. Plaintiff Whittington claims that he openly objected to offensive jokes and comments. Plaintiff Whittington claims that Defendant Harris County retaliated against him by terminating him.

Defendant Harris County denies Plaintiff Whittington's claims and contends that Harris County terminated Mr. Whittington for legitimate non-discriminatory reasons when he repeatedly violated policies and the violations were significant enough to warrant immediate termination.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. To prove unlawful retaliation, Plaintiff Whittington must prove by a preponderance of the evidence that:

1. Plaintiff Whittington objected to offensive jokes and comments in the workplace.

2. Defendant Harris County terminated Plaintiff Whittington;  and

3. Defendant Harris County's decision to terminate Plaintiff Whittington was on account of his protected activity.

For the first element, Whittington claims that he engaged in protected activity when he objected to offensive jokes and comments. That action is "protected activity" if it was based on Plaintiff Whittington's good-faith, reasonable belief that Defendant Harris County discriminated against him because of his African American race. To show a good-faith belief, Plaintiff Whittington must show that he honestly believed that Defendant Harris County discriminated against him because of his race.  To show a reasonable belief, Plaintiff Whittington must show that

Page 7 of 21

a reasonable person would, under the circumstances, believe that Defendant Harris County discriminated against him because of his race. Plaintiff Whittington does not have to prove that Defendant Harris County actually discriminated against him because of his race. But he must prove that he had a good-faith, reasonable belief that Defendant Harris County did so.

You need not find that the only reason for Defendant Harris County's decision was Plaintiff Whittington's objection to offensive jokes and comments within the work place. But you must find that Defendant Harris County's decision to terminate Plaintiff Whittington would not have occurred in the absence of -- but for – his objection to offensive jokes and comments.

If you disbelieve the reason Defendant Harris County has given for its decision, you may, but are not required to, infer that Defendant Harris County would not have decided to terminate Plaintiff Whittington but for him engaging in the protected activity.

**<u>SPECIFIC INSTRUCTIONS HOSTILE WORK ENVIRONMENT [11.2]:</u>**

Plaintiff Whittington claims he was harassed based on his race by his supervisor and that his employer, Defendant Harris County, is responsible for the harassing conduct.

Defendant Harris County denies the claims and contends that none of the statements Whittington found offensive altered the terms and conditions of his employment.

It is unlawful for an employer to harass an employee because of that employee's race.

For Defendant Harris County to be liable for harassment based on race, Plaintiff Whittington must prove by a preponderance of the evidence that his supervisors, Sergeant Troy Barringer and Major Isaac Villarreal, harassed Plaintiff Whittington because of Plaintiff Whittington's race and that the harassment was sufficiently severe or pervasive to:

1.    Alter the terms or conditions of Plaintiff Whittington's employment; and

2.    Create a hostile or abusive work environment

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Plaintiff Whittington's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff Whittington's work performance. There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct because of race. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to race

and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, or other verbal or physical conduct because of Plaintiff Whittington's race may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile or abusive work environment existed, you must consider the evidence from both Plaintiff Whittington's perspective and from the perspective of a reasonable person. First, Plaintiff Whittington must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff Whittington would find the conduct offensive.

To be a "supervisor," the employer must have empowered the employee to make decisions about Plaintiff Whittington that effect a significant change in his work status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or decisions causing a significant change in benefits. It is not enough to have the ability to exercise direction over Plaintiff Whittington's daily work.

An employer who limits decision-making authority to a few individuals who in turn rely on recommendations by other workers who interact with the employee may be held to have effectively

delegated the power to take tangible employment action to the worker on whose recommendations it relies.

If you find that Plaintiff Whittington was harassed because of his race, then you must find for Plaintiff Whittington unless Defendant Harris County proves by a preponderance of the evidence that:

1. Defendant Harris County exercised reasonable care to prevent and correct promptly the harassing behavior; and

2. Plaintiff Whittington unreasonably failed to take advantage of any preventive or corrective opportunities provided by Harris County or to avoid harm otherwise. If Harris County proves both elements, you must find for Defendant Harris County.

## THE VERDICT

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of the other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury Foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your Foreperson must fill out the necessary answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the Foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however that you must not disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SIGNED this _____ day of _____, 2026.

# JURY QUESTIONS

**Question No. 1 [11.1 Discrimination]**
Has Plaintiff Whittington proved that he would not have been terminated in the absence of—in other words, but for -- his African American race?

Answer "Yes" or "No."

**Question No. 2 [11.5 Retaliation FN1]**
Do you find that Plaintiff Whittington had a good-faith, reasonable belief that Defendant Harris County discriminated against him because of his African American race?

Answer "Yes" or "No."

If you answer "Yes" to Question 2, then answer Question 3. If you answer "No" to Question 2, the proceed to Question 4.

**Question No. 3 [11.5 Retaliation, FN 1]**
Do you find that Plaintiff Whittington engaged in activity protected by Title VII when he objected to offensive jokes and comments?

Answer "Yes" or "No"

**Question No. 4. [11.5 Retaliation]**
Do you find that Plaintiff Whittington would not have been terminated but for his objection to offensive jokes and comments?

Answer "Yes" or "No."

**Question No. 5 [11.2 Supervisor Harassment]**
Has Plaintiff Whittington proved that he was harassed because of his race by his supervisors Sergeant Barringer or Major Villareal?

Answer "Yes" or "No."

If you answered "Yes" to Question No. 4, then answer Question No. 5.

**Question No. 6 [11.2 Supervisor Harassment, Ellerth/Faragher]**
Has Defendant Harris County proved that it exercised reasonable care to prevent and promptly correct the harassing behavior?

Answer "Yes" or "No."

If you answered "Yes" to Question No. 6, then answer Question No. 6.

## Question No.  7

Has Defendant Harris County proved that Plaintiff Whittington unreasonably failed to take advantage of or use the options available to him by the policies of Harris County or Constable Precinct 3 to formally report harassment or to avoid harm otherwise?

Answer "Yes" or "No."

## TITLE VII DAMAGES:

If you found that Defendant Harris County violated Title VII then you must determine whether it has caused Plaintiff Whittington damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Whittington has proved liability.

Plaintiff Whittington must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Whittington need not prove the amount of losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Whittington would have earned in his employment with Defendant Whittington if he had not been terminated from August 28, 2020 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Whittington received from employment during that time; (2) the amount of other damages sustained by Plaintiff Whittington [list recoverable elements supported by the evidence, such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses].

Back pay includes the amounts the evidence shows Plaintiff Whittington would have earned had he remained an employee of Defendant Harris County. These amounts include wages or salary and such benefits as life and health insurance, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Harris County proves by

a preponderance of the evidence Plaintiff Whittington received during the period in question.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages. [11.14, FN5]

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find that the defendant proved by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages that the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

Defendant Harris County claims that Plaintiff Whittington failed to mitigate his damages. Plaintiff Whittington has a duty under the law to mitigate his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages.

To succeed on this defense, Defendant Harris County must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff Whittington failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff Whittington's damages were increased by his failure to take such reasonable actions.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff Whittington's diligence should be evaluated in light of his individual characteristics and the job market.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Whittington for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

## DAMAGES JURY
## QUESTIONS

### Question No. 1

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Whittington for the damages, if any, you have found Defendant Harris County caused Plaintiff Whittington?

Answer in dollars and cents for the following items and none other:

    1.      Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

        $_____

    2.      Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

        $_____

    3.      Wages and benefits from August 28, 2020 to [specify date].

        $_____

### Question No. 2

Do you find that Plaintiff Whittington failed to reduce his damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of his termination on August 28, 2020?

Answer "Yes" or "No."

If you answered "Yes" to Question No. 2, then answer Question No. 3.

## Question No.  3

How much would Plaintiff Whittington have earned had he exercised reasonable diligence under the circumstances to minimize his damages?

Answer in dollars and cents, if any.

$_____

## <u>CERTIFICATE</u>

We the jury, have made the above findings as indicated, and herewith return same

into Court as our verdict.


**SIGNED** this the _____ day of _____, 2026, at Houston, Texas.


_____
JURY FOREPERSON