UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ORIGINAL

| | | |
|---|---|---|
| BERT W. WHITTINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-03220 |
| | § | |
| KIRK WAYNE BONSAL, JR., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only

1

arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and from the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. In arriving at your verdict, you may not be influenced by passion, prejudice, or any sympathy that you might have for the plaintiff or the defendant.

## BURDEN OF PROOF

Plaintiff has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The evidence you are to consider consists of the testimony from the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions that you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony from an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence and requires simply that you consider both in deciding whether the plaintiff has met his burden of preponderance of the evidence.

Certain exhibits were used by the parties as illustrations to describe something involved in this trial. If your recollection of the evidence differs from the exhibit that was presented, rely on your recollection.

Likewise, certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

You alone are to determine the credibility or truthfulness of a witness. In weighing the testimony of a witness, you may consider the witness's manner and demeanor on the witness stand; whether he or she has any feelings or interest in the

3

case or any prejudice or bias about the case; and the consistency or inconsistency of his or her testimony considered in light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give each witness's testimony the credibility that you think it deserves.

Even though a witness may be a party to the action and, therefore, interested in its outcome, his or her testimony may still be accepted if you believe the testimony and if it is not contradicted by the direct evidence or by an inference that may be drawn from the evidence.

You are not to decide this case by counting the number of witnesses who have testified for each side. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if you believe that witness after considering all the other evidence.

## **NO INFERENCE FROM FILING SUIT**

The fact that Plaintiff brought a lawsuit and is in court seeking damages creates no inference that he is entitled to a judgment against Defendant. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## DEPOSITION TESTIMONY

Certain testimony in this case was presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers were read or shown to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

## EXPERT WITNESS TESTIMONY

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experiences in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## **DEFINITIONS**

As used in this Charge, the following words have the following meaning:

(1) "Plaintiff" means Plaintiff Bert Whittington.

(2) "Defendant" means Defendant Harris County, Texas.

(3) "Barringer" means Sergeant Troy Barringer.

(4) "Villareal" means Major Issac Villareal.

## TITLE VII—HOSTILE WORK ENVIRONMENT

Plaintiff claims he was harassed based on his race by his supervisor and that his employer, Defendant, is responsible for the harassing conduct. Defendant denies the claims and contends that none of the statements Plaintiff found offensive altered the terms and conditions of his employment.

It is unlawful for an employer to harass an employee because of that employee's race. For Defendant to be liable for harassment based on race, Plaintiff must prove by a preponderance of the evidence that his supervisors—Barringer and/or Villarreal—harassed Plaintiff because of Plaintiff's race and that the harassment was sufficiently severe or pervasive to:

(1)    alter the terms or conditions of Plaintiff's employment; and

(2)    create a hostile or abusive work environment.

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Plaintiff's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct because of race. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to race, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, or other verbal or physical conduct because of Plaintiff's race may be sufficiently extreme to alter the terms and conditions of employment.

9

In determining whether a hostile or abusive work environment existed, you must consider the evidence from both Plaintiff's perspective and from the perspective of a reasonable person. First, Plaintiff must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

To be a "supervisor," the employer must have empowered the employee to make decisions about Plaintiff that effect a significant change in his work status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or decisions causing a significant change in benefits. It is not enough to have the ability to exercise direction over Plaintiff's daily work. An employer who limits decision-making authority to a few individuals who in turn rely on recommendations by other workers who interact with the employee may be held to have effectively delegated the power to take tangible employment action to the worker on whose recommendations it relies.

If you find that Plaintiff was harassed because of his race, then you must find for Plaintiff unless Defendant proves by a preponderance of the evidence that:

(1)     Defendant exercised reasonable care to prevent and correct promptly the harassing behavior; and

(2)     Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. If Defendant proves both elements, you must find for Defendant.

10

## TITLE VII—DISCRIMINATION BASED ON RACE

Plaintiff claims he would not have been terminated but for his race. Defendant denies Plaintiff's claims and contends it terminated Plaintiff because of his violations of policy.

It is unlawful for an employer to discriminate against an employee because of the employee's race. An employer may, however, terminate an employee for other reasons, good or bad, fair or unfair. To prove unlawful discrimination, Plaintiff must prove by a preponderance of the evidence that:

(1)   Defendant terminated Plaintiff; and

(2)   Defendant would not have terminated Plaintiff in the absence of—in other words, but for—his race.

Plaintiff does not have to prove that unlawful discrimination was the only reason Defendant terminated his employment. But Plaintiff must prove that Defendant's decision to terminate him would not have occurred in the absence of such discrimination.

If you find that the reason Defendant has given for Plaintiff's termination is unworthy of belief, you may, but are not required to, infer that Defendant was motivated by Plaintiff's race.

11

## TITLE VII—RETALIATION

Plaintiff claims he was retaliated against by Defendant for engaging in activity protected by Title VII. Plaintiff claims he objected to or reported discrimination in the workplace and that Defendant retaliated against him by terminating him. Defendant denies Plaintiff's claims and contends it terminated Plaintiff because he repeatedly violated Defendant's policies, and his violations were significant enough to warrant termination.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that:

(1)     Plaintiff engaged in a protected activity when he objected to or reported discrimination in the workplace;

(2)     Defendant terminated Plaintiff; and

(3)     Defendant's decision to terminate Plaintiff was on account of his protected activity.

For the first element, Plaintiff claims he engaged in protected activity when he objected to or reported discrimination in the workplace. That action is "protected activity" if it was based on Plaintiff's good-faith, reasonable belief that Defendant discriminated against him because of his race. To show a good-faith belief, Plaintiff must show that he honestly believed that Defendant discriminated against him because of his race. To show a reasonable belief, Plaintiff must show that a reasonable person would, under the circumstances, believe that Defendant discriminated against him because of his race. Plaintiff does not have to prove that Defendant actually discriminated against him because of his race. But he must prove that he had a good-faith, reasonable belief that Defendant did so.

You need not find that the only reason for Defendant's decision was Plaintiff's objecting to or reporting of discrimination in the workplace. But you must find that Defendant's decision to terminate Plaintiff would not have occurred in the absence of—in other words, but for—his objecting to or reporting of discrimination in the workplace.

If you disbelieve the reason Defendant has given for its decision, you may, but are not required to, infer that Defendant would not have decided to terminate Plaintiff but for him engaging in the protected activity.

## DAMAGES

If you found Defendant violated Title VII, then you must determine whether it has caused Plaintiff damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff would have earned in his employment with Defendant if he had not been terminated from August 28, 2020 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff received from employment during that time; (2) the amount of other damages sustained by Plaintiff, such as those for pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

Back pay includes the amounts the evidence shows Plaintiff would have earned had he remained an employee of Defendant. These amounts include wages or salary and such benefits as life insurance, health insurance, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant proves by a preponderance of the evidence Plaintiff received during the period in question.

Defendant claims Plaintiff failed to mitigate his damages. Plaintiff has a duty under the law to mitigate his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages.

14

To succeed on this defense, Defendant must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by his failure to take such reasonable actions.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of his individual characteristics and the job market.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

**QUESTION NO. 1:**

**Has Plaintiff proved that he was harassed because of his race by his supervisors, Barringer and/or Villareal?**

Answer "Yes" or "No."

Answer: _____YES_____

If you answered "Yes" to Question No. 1, then answer Question No. 2. Otherwise, do not answer Question No. 2.

**QUESTION NO. 2:**

**Has Defendant proved it exercised reasonable care to prevent and promptly correct the harassing behavior?**

Answer "Yes" or "No."

Answer: _____NO_____

If you answered "Yes" to Question No. 2, then answer Question No. 3. Otherwise, do not answer Question No. 3.

**QUESTION NO. 3:**

**Has Defendant proved that Plaintiff unreasonably failed to take advantage of or use the options available to him by the policies of Defendant to avoid harm otherwise?**

Answer "Yes" or "No."

Answer: _____

16

**QUESTION NO. 4:**

**Has Plaintiff proved that he would not have been terminated in the absence of—in other words, but for—his race?**

Answer "Yes" or "No."

Answer: _____NO_____

**QUESTION NO. 5:**

**Do you find that Plaintiff engaged in a protected activity when he objected to or reported discrimination in the workplace?**

    Answer "Yes" or "No."

    Answer: _____Yes_____

If you answered "Yes" to Question No. 5, then answer Question No. 6. Otherwise, do not answer Question No. 6.

**QUESTION NO. 6:**

**Do you find that Plaintiff would not have been terminated but for his objecting to or reporting of discrimination in the workplace?**

    Answer "Yes" or "No."

    Answer: _____Yes_____

Only proceed to the following questions if:

- You answered "Yes" to Question No. 1 and "No" to either Question No. 2 or Question No. 3; and/or
- You answered "Yes" to Question No. 4; and/or
- You answered "Yes" to Question No. 6.

Otherwise, stop and proceed to signing the verdict form.

## QUESTION NO. 7:

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Defendant caused Plaintiff. Answer in dollars and cents, or "none."**

Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.
Answer: $ 1,100,000

Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.
Answer: $ 0

Wages and benefits from August 28, 2020 to today's date.
Answer: $ 550,000

19

**QUESTION NO. 8:**

**Do you find that Plaintiff failed to reduce his damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of his termination?**

Answer "Yes" or "No."

Answer: ___Yes___

If you answered "Yes" to Question No. 8, then proceed to Question No. 9 below. Otherwise, do not answer Question No. 9.

**QUESTION NO. 9:**

**How much would Plaintiff have earned had he exercised reasonable diligence under the circumstances to minimize his damages. Answer in dollars and cents, if any.**

Answer: $___150,000___

## FINAL INSTRUCTION: DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answer to the written question on the verdict form and sign and date it. After you have concluded your service, and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you

21

in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Signed at Houston, Texas on *Mar* 5/20 , 2026.

The Honorable Alfred H. Bennett
United States District Judge

## VERDICT FORM

Check if applicable:

✓   Our verdict is unanimous.  All of us have agreed to each and every answer.
The presiding juror has signed the certificate on behalf of all of us.

SIGNATURE REDACTED          SIGNATURE REDACTED

Signature of Presiding Juror          Printed Name of Presiding Juror

23